DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| KELLY KANTZ, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2008-0047 |
| | ) |
| v. | ) |
| | ) |
| UNIVERSITY OF THE VIRGIN ISLANDS, | ) |
| | ) |
| Defendant. | ) |

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Mary Faith Carpenter, Esq.,**
St. Croix, U.S.V.I.
   *For Plaintiff*

**Marie E. Thomas-Griffith, Esq.,**
**Samuel H. Hall, Jr., Esq.,**
St. Thomas, U.S.V.I.
   *For Defendant*

## ORDER

**UPON CONSIDERATION** of Defendant's Motion for Summary Judgment (Dkt. No. 83, 85), Defendant's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment (Dkt. No. 84), Plaintiff's Revised Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 110), Plaintiff's Revised Response to Defendant's Statement of Undisputed Material Facts and Counter-Statement of Additional Facts (Dkt. No. 111), Defendant's Supplemental Brief (Dkt. No. 114), Plaintiff's Response to Defendant's Supplemental Brief (Dkt. No. 117), Defendant's Reply to Plaintiff's Response (Dkt. No. 122), Plaintiff's "Notice of Additional Authority" (Dkt. No. 124), and for the reasons stated in the accompanying Memorandum Opinion, filed contemporaneously herewith, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that Defendant's Motion is **GRANTED** on statute of limitations grounds, as it pertains to all of Plaintiff's Title VII claims of discrimination that occurred more than 300 days prior to the filing of Plaintiff's charge of discrimination with the Equal Employment Opportunity Commission; and it is further

**ORDERED** that Defendant's Motion is **GRANTED** on Plaintiff's constructive discharge claim; and it is further

**ORDERED** that Defendant's Motion is **GRANTED** on Plaintiff's defamation claim that Dr. Thomas made "incredibly offensive" statements in an e-mail communication to Plaintiff; and it is further

**ORDERED** that Defendant's Motion is **GRANTED** on Plaintiff's claim for punitive damages; and it is further

**ORDERED** that Defendant's Motion is **DENIED** as to administrative exhaustion of Plaintiff's "denial of tenure" allegations; and it is further

**ORDERED** that Defendant's Motion is **DENIED** on Plaintiff's defamation claim that Dr. Howard allegedly told Plaintiff's student advisees that she was no longer their advisor because she was "incompetent"; and it is further

**ORDERED** that Defendant's Motion is **DENIED** as to Plaintiff's claim that the e-mail between Drs. Jackson and Howard, in which Dr. Howard allegedly wrote "these people" and "hypocrisy," was defamatory; and it is further

**ORDERED** that Defendant's Motion is **DENIED** as to Defendant's claim that there is no private cause of action under the Virgin Islands Civil Rights Act ("VICRA"); and it is further

**ORDERED** that Defendant's Motion is **DENIED WITHOUT PREJUDICE** as it pertains to Plaintiff's claims under the VICRA; and it is further

**ORDERED** that Defendant shall have up to and including **June 2, 2016** within which to file, if it so chooses, briefing in support of summary judgment on Plaintiff's claims under the VICRA addressing the governing legal principles, and applying the law to the facts, in view of the caution expressed in *Rennie v. Hess Oil Virgin Islands Corporation*, 62 V.I. 529 (V.I. 2015), regarding the use of federal jurisprudence to interpret VICRA. Defendant shall not seek summary judgment on any issues beyond those referenced in its original Motion for Summary Judgment; and it is further

**ORDERED** that Plaintiff shall have up to and including **June 16, 2016** within which to file a response to any brief submitted by Defendant; and it is further

**ORDERED** that Defendant shall have up to and including **June 30, 2016** within which to file a reply, if any.

**SO ORDERED**.

Date: May 19, 2016 _____/s/_____
WILMA A. LEWIS
Chief Judge