NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

KELLY KANTZ,

    Plaintiff,

v.

UNIVERSITY OF THE VIRGIN ISLANDS,

    Defendant.

Civ. No. 08-47

OPINION

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the Motion for Summary Judgment filed by Defendant University of the Virgin Islands ("Defendant"). (ECF No. 83.) A previous Opinion and Order left unresolved the viability of claims brought by Plaintiff Kelly Kantz ("Plaintiff") under the Virgin Islands Civil Rights Act ("VICRA"). (ECF Nos. 127, 128.) The Court has now decided this question upon the written submissions of the parties (ECF Nos. 131, 132, 135, 136), and without oral argument, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant's Motion is denied as it pertains to Plaintiff's claims under VICRA.

## BACKGROUND

The facts and history of this case have already been described in the Court's previous Summary Judgment Opinion. (ECF No. 128.) Only a brief reprise will be provided here. Plaintiff

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

is a white woman who was employed as an Assistant Professor of Education in Defendant's Division of Education. (Def.'s Stmt. of Undisputed Material Facts ("SOUMF") ¶ 2, ECF No. 84.) She alleges that she was subject to discrimination based on her race and color. (Pl.'s Counter SOUMF ¶ 27, ECF No. 105.) Among other allegations, Plaintiff claims that she received an unfair evaluation (Def.'s SOUMF ¶ 23), was subject to retaliation for participating in a vote of no confidence of her superiors (Pl.'s Resp. to SOUMF ¶ 28, ECF No. 105), and was effectively forced to resign (*id.* ¶ 3). Defendant denies that Plaintiff was subject to discrimination and maintains that she resigned of her own accord. (Def.'s SOUMF ¶¶ 3, 28.)

Plaintiff filed the present suit on June 6, 2008, stating claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Compl. ¶ 1, ECF No. 1), VICRA (*id.* ¶¶ 59–61), and several common law causes of action (*id.* ¶¶ 62–71). On August 10, 2012, Defendant moved for summary judgment. (ECF No. 83.) That Motion was granted in part and denied in part on May 19, 2016. (Summ. J. Order & Op., ECF Nos. 127, 128.)

Between the time that the Motion for Summary Judgment was filed and the time it was decided, the Virgin Islands Supreme Court decided *Rennie v. Hess Oil Virgin Islands Corporation*, 62 V.I. 529, 552 (2015). Given the impact of *Rennie* on the case, the Court denied without prejudice Defendant's Summary Judgment Motion as it pertains to Plaintiff's VICRA claims. (Summ. J.Order at 2–3; Summ. J.Op. at 34–36.) The Court then ordered that the parties submit additional briefing on "the governing law under the VICRA as it applies to the claims in this case" in light of *Rennie*. (ECF No. 130.) Pursuant to the timeline set out in that Order, the parties submitted initial briefing on June 29, 2016 (ECF Nos. 131, 132) and opposition briefing on July 13, 2016 (ECF Nos. 135, 136). With supplemental briefing now complete, Defendant's Motion for Summary Judgment as it applies to Plaintiff's VICRA claims is presently before the

Court.

## **LEGAL STANDARD**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). Consequently, "[s]ummary judgment is precluded if a disputed fact exists which might affect the outcome of the suit under the controlling substantive law." *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir. 1993) (citing *Anderson*, 477 U.S. at 248).

In resolving a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits." *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. More precisely, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248–49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

3

burden of proof at trial." *Celotex*, 477 U.S. at 322.

## DISCUSSION

### I. Defendant Is Potentially Liable Under VICRA, 24 V.I.C. § 451

The current version of 24 V.I.C. § 451, which was enacted in 2011, unequivocally provides a cause of action to "any person who has been discriminated against as defined in this section." However, when the Complaint was filed in 2008, § 451 read:

> Notwithstanding the provisions of any other law, it shall be unlawful employment practice or unlawful discrimination:
> (1) For an employer to refuse to hire or employ or to bar or discharge from employment, any individual because of his race . . . ;
> (2) For an employer to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment because of race . . . .

*Rennie* held that the old version of § 451 provides a private right of action. 62 V.I. at 548. However, Defendant argues that Plaintiff first must exhaust her administrative remedies with the Virgin Islands Department of Labor (the "Department") before suing under § 451.

24 V.I.C. § 451 is contained within a chapter describing discrimination complaints before the Department. 24 V.I.C. § 453 states: "Any person claiming to be aggrieved by an alleged unlawful employment practice or discrimination may file with the [D]epartment a verified complaint . . . ." Then, 24 V.I.C. § 457 provides:

> (a) Any person aggrieved by a final order of the department granting or denying in whole or in part the relief sought may obtain a review of such order by filing in a court of competent jurisdiction, within 30 days of its issuance, a written petition praying that such decision of the department be modified or set aside.
>
> (b) No objection that has not been urged before the department shall be considered by the court unless the failure or neglect to urge such objection is excused because of extraordinary circumstances. The findings of the department, as to the facts, if supported by substantial evidence, shall be conclusive.

These statutory provisions, however, do not force an aggrieved party to exhaust her

4

administrative remedies. The language of the surrounding sections are voluntary in nature. Section 453 states that an aggrieved party "*may* file with the [D]epartment a verified complaint." (emphasis added.) Section 457(a) in turn states that a party obtaining an unsatisfactory result before the Department of Labor "*may* obtain a review of such order." (emphasis added). Section 451, which the *Rennie* court held provided an independent cause of action, does not reference these other sections or mention the administrative remedies described therein.

The first sentence of § 457(b) might be read to suggest that administrative remedies must be exhausted because it prevents a reviewing court from considering an "objection that has not been urged before the [D]epartment." But this sentence must be read in the context of the next sentence, which states, "The findings of the [D]epartment, as to the facts, if supported by substantial evidence, shall be conclusive." *Id.* The second sentence helps to illuminate that the purpose of this subsection is to ensure an orderly appeal process. The requirement that the court only consider objections already raised before the Department ensures that the Department's factual findings are based on a complete set of presented facts and objections. It also prevents the reviewing court from second-guessing the Department on grounds that the Department did not consider in the first instance. But this provision applies only to those situations where a court reviews a decision of the Department. It does not prevent a party from taking a claim straight to court under § 451.

*Rennie* also supports the conclusion that a § 451 cause of action does not require exhaustion of administrative remedies. Several older cases held that the pre-2011 version of § 451 and its surrounding sections provided only for a writ of review of decisions by the Department. *Williams v. Kmart Corp.*, 2001 WL 304024, at *2–3 (D.V.I. Mar. 5, 2001); *Hazell v. Exec. Airlines, Inc.*, 886 F. Supp. 526, 526 (D.V.I. 1995). *Rennie* called these cases "wrongly

5

decided." 62 V.I. at 548. To hold today that § 451 is available only to a plaintiff who has exhausted administrative remedies would reinstate the view that the statute provides only for a writ of review of Department decisions, in direct contravention of *Rennie*.

For these reasons, Plaintiff may state a claim under 24 V.I.C. § 451 without exhausting her administrative remedies before the Department.

## II. Defendant Is Potentially Liable Under 10 V.I.C. § 64

10 V.I.C. § 64(1)(a) states:

> It shall be an unlawful discriminatory practice [f]or an employer, because of . . . race . . . of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

This provision, though appearing in the form of a declaratory statement, creates a private cause of action.[2]

*Rennie* held that the pre-2011 version of 24 V.I.C. § 451 created a private right of action, 62 V.I. at 548, and that statute contained almost identical language to 10 V.I.C. § 64(a)(1). *Compare* 24 V.I.C. § 451(a) (prior to amend. by Act No. 7323, § 2(a) (V.I. Reg. Sess. 2011)) ("Notwithstanding the provisions of any other law, it shall be unlawful employment practice or unlawful discrimination [f]or an employer to refuse to hire or employ or to bar or discharge from employment, any individual because of his race . . . . [or] to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment because of race . . . ."), *with* 10 V.I.C. § 64 ("It shall be an unlawful discriminatory practice [f]or an employer, because

---

[2] In 2011, the Virgin Islands legislature added a new subsection making clear that a private right of action is available. *See* 10 V.I.C. § 64(15). However, the Complaint in this case was filed in 2008, and the version of the statute in place at that time lacks anything like this new section.

6

of . . . race . . . of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."). *Rennie* also stated generally that a statute enacted for the benefit of a special class creates a remedy for that class; that silence or ambiguity is not enough to deny such a class of persons standing to sue under statute; and that denial of a remedy is the exception rather than the rule. 62 V.I. at 548, 550. Thus, both analogizing to *Rennie* and following its reasoning, the Court concludes that 10 V.I.C. § 64(1)(a) provides a private cause of action. *See also Bass v. Fed. Express Corp.*, 2017 WL 2022977, at *3 (D.V.I. May 11, 2017) (applying § 64(1)(a) to create a private right of action).

### III. Defendant Is Not Statutorily Exempt From Liability

Notwithstanding the statutes discussed above, Defendant argues that 17 V.I.C. § 453(b) exempts it from liability. 17 V.I.C. § 453(b) is part of a chapter establishing Defendant as an entity, and states:

> Nothing in this chapter shall be construed as exempting the University of the Virgin Islands from any law made specifically applicable thereto or generally applicable to independent instrumentalities of the Government of the United States Virgin Islands, whether such law was enacted before, on, or after the date of enactment of this subsection.

Section 453(b) provides that Defendant is to be treated no differently from any other entity, and that any statute that would normally apply to Defendant continues to apply to it. This subsection does not exempt Defendant from liability but rather ensures that Defendant is not exempt from liability.

### IV. Genuine Disputes of Material Fact Preclude Summary Judgment on Plaintiff's VICRA Claims

*Rennie* cautions that the *McDonnell-Douglas* burden-shifting approach used in federal

7

civil rights law[3] is not appropriate for VICRA claims. 62 V.I. at 552. Rather, "the better methodology is to simply look to the statutory language itself." *Id.* In the context of 10 V.I.C. § 3—which requires "equal treatment with respect to employment, pay and working conditions" and prohibits "discrimination or differential in pay or working conditions for workers doing the same work" —a plaintiff states a claim where he alleges:

> (1) that black Virgin Islands employees, such as himself, were required to take tests to maintain employment in the "Shift Foreman" position, whereas such tests were not required of employees hired from the United States mainland; (2) that employees from the United States mainland were paid higher wages or provided more benefits despite having the same or similar experience; (3) that Virgin Islanders were repeatedly passed over for promotion to the "Shift Supervisor" position in favor of non-local employees with less seniority and less experience; (4) that Rennie received less favorable evaluations due to his race and national origin, was denied pay raises and promotions due to his race and national origin; and (5) that he was discharged due to that discrimination.

*Id.* Following *Rennie*, then, this Court finds that Plaintiff must demonstrate that Defendant "refuse[d] to hire or employ or bar[red] or discharge[d] [her] from employment," or "discriminate[d] against [her] in compensation or in terms, conditions, or privileges of employment;" and did so "because of [her] race." 10 V.I.C. § 64(1)(a); 24 V.I.C. § 451(a)(1) (prior to amendment).

In this case, Plaintiff has put forward evidence that she received an unfair evaluation during which her evaluator fell asleep and then inserted into the evaluation events that she did not observe. (UVI # 1322, ECF No. 85-2.) She has also produced evidence that she received less favorable work assignments than black employees. (UVI ## 357, 358, ECF No. 85-1) Given this and other evidence in the record, a reasonable jury could find that Defendant engaged in

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1974); *see also Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–56 (1981).

8

discriminatory conduct as defined by these statutes. In other words, Plaintiff has established a genuine dispute of material fact that precludes summary judgment in Defendant's favor.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is denied as to Plaintiff's VICRA claims. An appropriate Order will follow.


Date:   11/26/18                                    */s/ Anne E. Thompson*
                                                                                  ANNE E. THOMPSON, U.S.D.J.